THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **ELIZABETH M. RICE** | * | **CIVIL ACTION NO. 06-0589** |
| **Versus** | * | **JUDGE JAMES** |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT & RECOMMENDATION

Petitioner, Elizabeth M. Rice ("Rice"), appeals from a decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. The appeal was referred to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons given below, it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Rice, represented by counsel, commenced this action by filing a complaint. The pleading complains generally of an adverse decision by the Commissioner to deny benefits but gives no specific indication of error. In accordance with a standing order, the Clerk of Court issued a briefing schedule and instructions, and the Commissioner filed the administrative transcript.

The deadline for Rice to file a memorandum was 60 days after the filing of the administrative transcript, or September 18, 2006. That deadline has passed and Rice has neither filed a brief nor requested an extension of time.

A district court has the inherent authority to dismiss an action, even *sua sponte*, for

1

failure to prosecute, with or without notice to the parties. *Link v. Wabash Railroad Co.*, 82 S.Ct. 1386, 1388-89 (1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982). Dismissal is warranted in the present case. In deciding whether to dismiss with or without prejudice, the Court must keep in mind that "[d]ismissals with prejudice are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of ... aggravating factors." *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). There are no aggravating factors shown in this record, therefore only a dismissal without prejudice is appropriate here.

Accordingly, **IT IS RECOMMENDED** that Rice's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 23rd day of October, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE